IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ASHLEY B.,[1]                                    3:19-cv-2074-BR

       Plaintiff,                         OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.


GEORGE J. WALL
CAITLIN S. LAUMAKER
Law Offices of George J. Wall
825 N.E. 20th Ave., Ste. 330
Portland, OR  97232
(503) 236-0068

      Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

─────────────────────

    [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.  Where applicable, this Court uses the same
designation for the nongovernmental party's immediate family
member.


1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JEFFREY R. MCCLAIN**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(866) 964-6291

        Attorneys for Defendant


**BROWN, Senior Judge.**

        Plaintiff Ashley B. seeks judicial review of the final

decision of the Commissioner of the Social Security

Administration (SSA) in which the Commissioner denied

Plaintiff's applications for Disability Insurance Benefits (DIB)

under Title II of the Social Security Act and Supplemental

Security Income (SSI) under Title XVI of the Social Security

Act.  This Court has jurisdiction to review the Commissioner's

final decision pursuant to 42 U.S.C. § 405(g).

        For the reasons that follow, the Court **AFFIRMS** the decision

of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

        On July 22, 2016, Plaintiff protectively filed his


2 - OPINION AND ORDER

applications for DIB and SSI benefits.  Tr. 13, 201, 203.[2]
Plaintiff alleges a disability onset date of March 30, 2016.
Tr. 13, 201, 203.  Plaintiff's applications were denied
initially and on reconsideration.  An Administrative Law Judge
(ALJ) held a hearing on November 20, 2018.  Tr. 35-60.
Plaintiff and a vocational expert (VE) testified at the hearing.
Plaintiff was represented by an attorney at the hearing.

On January 30, 2019, the ALJ issued an opinion in which she
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 13-28.  Plaintiff requested review by the
Appeals Council.  On October 30, 2019, the Appeals Council
denied Plaintiff's request to review the ALJ's decision, and the
ALJ's decision became the final decision of the Commissioner.
Tr. 1-2.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On December 20, 2019, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision.


**BACKGROUND**

Plaintiff was born on September 21, 1983.  Tr. 27, 201,
203.  Plaintiff was 32 years old on his alleged disability onset

---

[2] Citations to the official Transcript of Record (#9) filed
by the Commissioner on April 28, 2020, are referred to as "Tr."

3 - OPINION AND ORDER

date.  Tr. 27, 61.  Plaintiff has at least a high-school
education.  Tr. 27.  Plaintiff has past relevant work
experience as a cashier/clerk, sales clerk, and mailroom clerk.
Tr. 27, 42-44.

Plaintiff alleges disability due to bi-polar disorder,
diabetes mellitus type II, chronic low-back pain, asthma, and
Post-Traumatic Stress Disorder (PTSD).  Tr. 62.

Except as noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 18-27.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110
(9th Cir. 2012).  To meet this burden a claimant must
demonstrate his inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."  42
U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when
there is ambiguous evidence or when the record is inadequate to

4 - OPINION AND ORDER

allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the

5 - OPINION AND ORDER

Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R.

§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in

the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here
the burden shifts to the Commissioner to show a significant
number of jobs exist in the national economy that the claimant
can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d
1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this
burden through the testimony of a VE or by reference to the
Medical-Vocational Guidelines (or the grids) set forth in the
regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If
the Commissioner meets this burden, the claimant is not
disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since March 30, 2016, Plaintiff's
alleged disability onset date.  Tr. 15.

At Step Two the ALJ found Plaintiff has the severe
impairments of obesity, degenerative disc disease of the lumbar
spine, depression, PTSD, and substance abuse.  Tr. 16.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P,

appendix 1.  Tr. 16.  The ALJ found Plaintiff has the RFC to

perform light work with the following limitations:  can

frequently lift and carry ten pounds; can occasionally lift and

carry 20 pounds; can stand and/or walk for six hours in an

eight-hour workday; can sit for eight hours in an eight-hour

workday; can frequently climb ramps and stairs; can never climb

ladders, ropes, or scaffolds; can occasionally stoop, kneel,

crouch, and crawl; can remember, understand, and carry out

routine, repetitive tasks with a GED level of 2 or less that can

be learned in a period of 30 days or by demonstration; cannot

perform fast-paced production work; can have occasional

superficial interaction with the general public; and can work in

proximity to coworkers, but should not perform tasks that

require teamwork.  Tr. 17-18.

     At Step Four the ALJ concluded Plaintiff is unable to

perform his past relevant work.  Tr. 27.

     At Step Five the ALJ found Plaintiff can perform other jobs

that exist in the national economy such as room-cleaner, laundry

worker and retail-price marker.  Tr. 27-28.  Accordingly, the

ALJ found Plaintiff is not disabled.  Tr. 28.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to provide legally sufficient reasons for discounting Plaintiff's subjective symptom testimony and (2) failed to provide legally sufficient reasons for rejecting the medical opinions of Lindsay Heydenrych, Psy.D., an examining psychologist, and Brinn Culver, Professional Mental Health Nurse Practitioner (PMHNP), Plaintiff's treating therapist.

**I.   The ALJ did not err when she discounted Plaintiff's subjective symptom testimony.**

Plaintiff contends the ALJ erred when she failed to provide legally sufficient reasons for discounting Plaintiff's subjective symptom testimony.

**A.   Standards**

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The claimant need not show his "impairment could reasonably be

10 - OPINION AND ORDER

expected to cause the severity of the symptom [he] has alleged;
[he] need only show that it could reasonably have caused some
degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting
*Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A
claimant is not required to produce "objective medical evidence
of the pain or fatigue itself, or the severity thereof."
*Garrison*, 759 F.3d at 1014.

        If the claimant satisfies the first step of this
analysis and there is not any affirmative evidence of
malingering, "the ALJ can reject the claimant's testimony about
the severity of [his] symptoms only by offering specific, clear
and convincing reasons for doing so." *Garrison*, 759 F.3d at
1014-15.  *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,
883 (9th Cir. 2006)(same).  General assertions that the
claimant's testimony is not credible are insufficient.  *Parra v.
Astrue,* 481 F.3d 742, 750 (9th Cir. 2007).  The ALJ must
identify "what testimony is not credible and what evidence
undermines the claimant's complaints."  *Id*. (quoting *Lester v.
Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

    **B.  Analysis**

        Plaintiff testified he stays home "a lot of the time"
because of his high anxiety, and it is "too much for [him] to

11 - OPINION AND ORDER

deal with people." Tr. 44-45. He also stated he experiences stress when he is given tasks that he doesn't know how to break down in order to accomplish and that he is unable to finish. Tr. 48. Plaintiff stated he experiences low-back pain when he lifts more than 25 pounds and when he bends and pulls. Tr. 52-53.

The ALJ discounted Plaintiff's testimony on the grounds that (1) Plaintiff's statements regarding his limitations are inconsistent with the medical record and with his activities of daily living, (2) Plaintiff reported his mental impairments are more disabling than his physical impairments, and (3) Plaintiff's mental impairments improved with treatment. Tr. 18-24. For example, the medical records reflect in December 2016 Plaintiff had normal muscle strength, muscle tone, and gait. Tr. 19, 673. In November 2017 Plaintiff had normal range of motion and did not exhibit any tenderness. Tr. 19, 1415. In July 2018 Plaintiff denied joint pain, and in August 2018 he had normal gait and station. Tr. 19, 1303, 1306. Moreover, Plaintiff declined referrals for physical therapy, acupuncture, and yoga to treat his low back. Tr. 19, 1201.

The ALJ noted Plaintiff's mental conditions were stable when he was following his treatment regimen. Tr. 20.

For example, in March 2016 Plaintiff reported he was "good" when
he took his medications.  Tr. 20, 538.  In September 2016
Plaintiff reported his mood and anxiety were "fine," and in
March 2017 Plaintiff reported he did not have any depression,
anxiety, or agitation.  Tr. 21, 995, 1232.  In February 2018
Plaintiff also reported he was doing well and was stable.
Tr. 22, 841.  In August 2018 Plaintiff was open and smiling, he
was compliant with his medication regimen, and he spoke highly
of how he was treated by coworkers.  Tr. 23, 825.

        Ultimately the ALJ concluded Plaintiff's activities of
daily living are inconsistent with his alleged limitations.
Tr. 23-24.  For example, Plaintiff testified he worked well with
coworkers even though he alleged in his Complaint that he
experiences high anxiety dealing with people and he stated he
still has friends from his former workplace.  Tr. 46-47.  The
ALJ also noted Plaintiff generally takes the bus for
transportation, is able to perform personal care, prepares
meals, does his own laundry, and spends time with friends in
various activities.  Tr. 45, 821, 869, 1354.

        On this record the Court finds the ALJ did not err
when she discounted Plaintiff's subjective symptom testimony
because the ALJ provided legally sufficient reasons supported by

substantial evidence in the record for doing so.

**II.  The ALJ did not err in her assessment of the medical opinions of Dr. Heydenrych and PMHNP Culver.**

Plaintiff contends the ALJ erred when she failed to provide legally sufficient reasons for rejecting the medical opinions of Dr. Heydenrych, an examining psychologist, and PMHNP Culver, Plaintiff's treating therapist.

**A.  Standards**

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.*  When contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling

14 - OPINION AND ORDER

weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007).  An
ALJ can satisfy the "substantial evidence" requirement by
"setting out a detailed and thorough summary of the facts and
conflicting clinical evidence, stating his interpretation
thereof, and making findings." *Reddick,* 157 F.3d at 725.  "The
ALJ must do more than state conclusions.  He must set forth his
own interpretations and explain why they, rather than the
doctors', are correct." *Id.* (citation omitted).

        Medical sources are divided into two categories:
"acceptable medical sources" and "other sources."  20 C.F.R.
§ 416.913.  Acceptable medical sources include licensed
physicians and psychologists.  20 C.F.R. § 416.913(a).  Medical
sources classified as "other sources" include, but are not
limited to, nurse practitioners, therapists, licensed clinical
social workers, and chiropractors.  20 C.F.R. § 416.913(d).

        With respect to "other sources," the Social Security
Administration Regulations provide:

                With the growth of managed health care in recent
                years and the emphasis on containing medical
                costs, medical sources who are not acceptable
                medical sources, such as nurse practitioners,
                physician assistants, and licensed clinical
                social workers, have increasingly assumed a
                greater percentage of the treatment and
                evaluation functions previously handled primarily
                by physicians and psychologists.  Opinions from
                these medical sources, who are not technically

15 - OPINION AND ORDER

deemed acceptable medical sources under our
rules, are important and should be evaluated on
key issues such as impairment severity and
functional effects, along with the other relevant
evidence in the file.

SSR 06-03p, at *3.  Factors the ALJ should consider when
determining the weight to give an opinion from those "important"
sources include the length of time the source has known the
claimant, the number of times and frequency that the source has
seen the claimant, the consistency of the source's opinion with
other evidence in the record, the relevance of the source's
opinion, the quality of the source's explanation of his opinion,
and the source's training and expertise.  SSR 06-03p, at *4.  On
the basis of the particular facts and the above factors the ALJ
may assign an "other source" either greater or lesser weight
than that of an acceptable medical source.  SSR 06-03p, at *5-6.
The ALJ, however, must explain the weight assigned to such
sources so that a claimant or subsequent reviewer may follow the
ALJ's reasoning.  SSR 06-03p, at *6.  "The ALJ may discount
testimony from . . . 'other sources' if the ALJ 'gives reasons
germane to each witness for doing so.'"  *Molina*, 674 F.3d at
1111 (quoting *Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217,
1224 (9th Cir. 2010)).

**B.    Analysis**

**1.    Dr. Heydenrych**

On June 24, 2016, Dr. Heydenrych performed a comprehensive psychological examination of Plaintiff.  Tr. 655-61.  Dr. Heydenrych diagnosed Plaintiff with chronic PTSD, persistent depressive disorder with persistent major depressive episodes, unspecified Attention-Deficit/Hyperactivity Disorder (ADHD), and Alcohol-Use Disorder in sustained remission. Tr. 659.  Dr. Heydenrych opined Plaintiff has severe functional interference from his PTSD and chronic depression; has ongoing, severe difficulty organizing his behavior adequately to perform work tasks; is likely to be severely hindered in his ability to perform adaptive, goal-directed activities and even rote and repetitive tasks; and has significant difficulties functioning in a competitive work environment and completing a normal work-day or work week.  Tr. 660.  Dr. Heydenrych also noted, however, Plaintiff may see some improvement of his functioning with continued, consistent, long-term psychotherapy and a medication regimen, but Plaintiff's longstanding anxiety, depression, and medical problems will not remit within the next 12 months. Tr. 660.  Dr. Heydenrych also noted Plaintiff's psychiatric

conditions do not significantly interfere with Plaintiff's
rational thinking or decision-making, and Plaintiff's judgment
and cognitive functioning were generally intact.  Tr. 661.

The ALJ found Dr. Heydenrych's opinion supported
limiting Plaintiff to simple routine repetitive tasks, but the
ALJ gave "limited weight" to the rest of Dr. Heydenrych's
opinion on the ground, among other things, that Dr. Heydenrych
relies heavily on Plaintiff's subjective report of symptoms and
limitations, which are not fully supported by the record, and
that Dr. Heydenrych's opinion is inconsistent with the medical
evidence and Plaintiff's activities of daily living.  Tr. 25.
For example, in July 2016 Plaintiff reported he had "interest
and pleasure in doing things" and was not feeling down,
depressed, or hopeless.  Tr. 463.  In September 2016 Plaintiff
reported his mood and anxiety were "fine," and he was pleasant,
engaged, he had good eye contact, his mood and affect were
congruent, and his judgment and insight were adequate even
though he indicated he was depressed "most days."  Tr. 995.  The
ALJ also noted Plaintiff is physically active, is self-reliant
in his personal care, prepares meals, helps his mother in her
salon, spends time with friends, and "gets along well with
everyone."  Tr. 23, 45-47, 821, 869, 1354.  "An ALJ may reject a

18 - OPINION AND ORDER

treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)(citations omitted).  Here the Court has concluded the ALJ properly discounted Plaintiff's subjective symptom testimony,

The ALJ also noted Dr. Heydenrych based at least part of her assessment of Plaintiff's limitations on his physical impairments such as ADHD based in part on Plaintiff's reported history of ADHD.  Tr. 659, 661.  Dr. Heydenrych noted Plaintiff's "medical issues can exacerbate problems with mood stability, irritability, concentration, and memory, because of the cognitive effort placed toward managing pain."  Tr. 661.  A doctor's specialization is relevant when determining the weight to give their opinion, and Dr. Heydenrych is a licensed psychologist.  20 C.F.R. §§404.1527(c)(5), 416.927(c)(5); Tr. 661.  The ALJ pointed out that Plaintiff's physical impairments are outside of Dr. Heydenrych's area of expertise. Tr. 25.  Dr. Heydenrych, in fact, noted "[f]ully assessing for attention deficit disorders goes beyond the scope of [her] evaluation."  Tr. 661.  Accordingly, as Dr. Heydenrych noted, an assessment of Plaintiff's mental health based on alleged

19 - OPINION AND ORDER

physical conditions is beyond the scope of her expertise.

On this record the Court concludes the ALJ did not err when she discounted Dr. Heydenrych's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

### 2.    PMHNP Culver

On October 25, 2018, PMHNP Culver completed a Mental Residual functional Capacity Assessment.  Tr. 1375-77. PMHNP Culver diagnosed Plaintiff with PTSD, major depressive disorder, borderline personality disorder, rule-out dissociative identity disorder, and alcohol-use disorder.  Tr. 1375.  She opined Plaintiff has extreme limitations in his ability to understand, to remember, and to carry out detailed instructions; extreme limitations in his ability to use reason and judgment to make work-related decisions; moderate limitations in his ability to remember locations and work-like procedures with reminders; and moderate limitations in his ability to understand, to remember, and to carry out short and simple repetitive instructions or tasks.  Tr. 1375.  PMHNP Culver stated Plaintiff dissociates under pressure, he needs written instructions and frequent reminders, and his self-esteem impacts his decision-making.  Tr. 1375.  PMHNP Culver noted Plaintiff needs in-person

20 - OPINION AND ORDER

supervision at least 50 percent of the workday.  Tr. 1376.
PMHNP Culver opined Plaintiff has extreme limitations in his
ability to interact appropriately with the general public and
customers, to understand and to respond to social cues, to ask
simple questions or request assistance from supervisors or
coworkers, and to work cooperatively and handle conflicts.
Tr. 1376.  She also noted Plaintiff has moderate limitations in
his ability to keep social interactions free of excessive
irritability, sensitivity, argumentativeness, suspiciousness, or
other inappropriate behavior, and Plaintiff is quick to shut
down and to dissociate in social settings.  Tr. 1376.
In addition, PMHNP Culver indicated Plaintiff has extreme
limitations in his ability to ignore or to avoid distractions
while working; to work close to or with others without
interrupting or distracting them; to sustain an ordinary routine
and regular attendance; and to work a full day and full work
week without needing more than the allotted number or length of
rest periods during the day.  Tr. 1376.  She opined Plaintiff's
attention and concentration would be impaired for 75 percent of
the workday.  Tr. 1377.  Finally, PMHNP Culver indicated
Plaintiff has extreme limitations in his ability to respond to
demands, to adapt to changes, to manage psychologically-based

symptoms, to set realistic goals, and to make plans
independently of others.  Tr. 1377.  She also indicated
Plaintiff has marked limitations in his ability to be aware of
normal hazards or to take appropriate precautions, moderate
limitations in his ability to distinguish between acceptable and
unacceptable work performance, and mild limitations in his
ability to maintain personal hygiene and attire appropriate to a
work setting.  Tr. 1377.

        The ALJ found PMHNP Culver's opinion supported
limiting Plaintiff to simple routine repetitive tasks rather
than fast-paced production work, but the ALJ gave "limited
weight" to PMHNP Culver's findings of marked and extreme
limitations on the grounds that they are inconsistent with the
medical evidence and Plaintiff's reports as to his activities of
daily living.  Tr. 26.  For example, the ALJ noted Plaintiff's
social activities and friendships "belie" the extreme social
limitations found by PMHNP Culver.  Tr. 26.  The ALJ noted
Plaintiff is physically active, is self-reliant in his personal
care, prepares meals, helps his mother in her salon, spends time
with friends, and "gets along well with everyone."  Tr. 23, 45-
47, 821, 869, 1354.  The ALJ also noted PMHNP Culver's mental-
status examinations do not support her findings because she

22 - OPINION AND ORDER

regularly indicates Plaintiff has good eye contact and is
engaged in therapy.  Tr. 26.  Inconsistency between the medical
evidence and witness testimony constitutes a germane reason to
discredit such testimony.  *Bayliss v. Barnhart*, 427 F.3d 1211,
1218 (9th Cir. 2005).

On this record the Court concludes the ALJ did not err
when she discounted PMHNP Culver's opinion because the ALJ
provided germane reasons supported by substantial evidence in
the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the
Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 7th day of December, 2020.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge


23 - OPINION AND ORDER